TEXAS COMMITTEE ON NATURAL
RESOURCES and Mrs. Peggy
Amerson, Plaintiffs-Appellees,

v.

John O. MARSH, Jr., Secretary,
Department of the Army,
Defendant-Appellant,

North Texas Municipal Water District,
Sulphur River Municipal Water District
and City of Irving, Texas, Intervenors-
Appellants.

No. 83–2145.

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1984.

Roland Boyd, William M. Boyd and John
E. Gay, McKinney, Tex., for North Tex., et
al.

William Cornelius, Asst. U.S. Atty., Ty-
ler, Tex., and James M. Spears, Atty., U.S.
Dept. of Justice, Washington, D.C., for
Marsh, Secretary of the Army.

Don J. Rorschach, City Atty., Irving,
Tex., for City of Irving, Tex.

Edward C. Fritz, Dallas, Tex., and Rich-
ard A. Shannon, Austin, Tex., for Tex.
Committee.

Jim Mattox, Atty. Gen., and R. Lambert
Townsend, Asst. Atty. Gen., for amicus
curiae, State of Tex.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion July 16, 5th Cir.1984, 736
F.2d 262).

Before TATE, JOLLY and DAVIS, Cir-
cuit Judges.

E. GRADY JOLLY, Circuit Judge:

No member of this panel nor Judge in
regular active service on the Court having
requested that the Court be polled on re-
hearing en banc, (Federal Rules of Appel-
late Procedure and Local Rule 35) the Sug-
gestion for Rehearing En Banc is DE-
NIED.

The appellees have raised a number of
issues in their petition for panel rehearing,
some of which we addressed in the panel
opinion. Primarily, the appellees are con-
cerned that the panel did not apply the
correct standards of review for determin-
ing the adequacy of the environmental im-
pact statement for the Cooper Lake
project. The appellees have identified one
area in which the panel opinion requires

824

correction. It involves the proper standard of review of the discussion of alternatives to the proposed project in the environmental impact statement. The panel opinion, 736 F.2d 262, erroneously states that an "arbitrary and capricious" standard must be applied to the Corps' decision not to discuss certain alternatives to the project. The appellees correctly point out that this statement conflicts with the "hard look" standard developed by the Supreme Court and cited by the panel earlier in the opinion. Accordingly, we withdraw the second sentence of the second full paragraph on page 4757, 736 F.2d 270, and insert in its place the following:

> An environmental impact statement may not be held insufficient by a court merely because the agency has failed to discuss in it every conceivable alternative to the proposed project. Federal agencies must be free to make reasonable limitations on the scope of their discussions of such alternatives.

The petition for panel rehearing is GRANTED for the purpose of changing the opinion as stated above. In all other respects, the petition for rehearing is DENIED.