741 F.2d 823
 14 Envtl. L. Rep. 20,796
 TEXAS COMMITTEE ON NATURAL RESOURCES and Mrs. Peggy Amerson,
Plaintiffs-Appellees,
v.
John O. MARSH, Jr., Secretary, Department of the Army,
Defendant-Appellant,
North Texas Municipal Water District, Sulphur River
Municipal Water District and City of Irving,
Texas, Intervenors-Appellants.
 No. 83-2145.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 17, 1984.
 
 Roland Boyd, William M. Boyd and John E. Gay, McKinney, Tex., for North Tex., et al.
 William Cornelius, Asst. U.S. Atty., Tyler, Tex., and James M. Spears, Atty., U.S. Dept. of Justice, Washington, D.C., for Marsh, Secretary of the Army.
 Don J. Rorschach, City Atty., Irving, Tex., for City of Irving, Tex.
 Edward C. Fritz, Dallas, Tex., and Richard A. Shannon, Austin, Tex., for Tex. Committee.
 Jim Mattox, Atty. Gen., and R. Lambert Townsend, Asst. Atty. Gen., for amicus curiae, State of Tex.
 Appeals from the United States District Court for the Eastern District of Texas.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion July 16, 5th Cir.1984, 736 F.2d 262).
 Before TATE, JOLLY and DAVIS, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.
 
 
 2
 The appellees have raised a number of issues in their petition for panel rehearing, some of which we addressed in the panel opinion. Primarily, the appellees are concerned that the panel did not apply the correct standards of review for determining the adequacy of the environmental impact statement for the Cooper Lake project. The appellees have identified one area in which the panel opinion requires correction. It involves the proper standard of review of the discussion of alternatives to the proposed project in the environmental impact statement. The panel opinion, 736 F.2d 262, erroneously states that an "arbitrary and capricious" standard must be applied to the Corps' decision not to discuss certain alternatives to the project. The appellees correctly point out that this statement conflicts with the "hard look" standard developed by the Supreme Court and cited by the panel earlier in the opinion. Accordingly, we withdraw the second sentence of the second full paragraph on page 4757, 736 F.2d 270, and insert in its place the following:
 
 
 3
 An environmental impact statement may not be held insufficient by a court merely because the agency has failed to discuss in it every conceivable alternative to the proposed project. Federal agencies must be free to make reasonable limitations on the scope of their discussions of such alternatives.
 
 
 4
 The petition for panel rehearing is GRANTED for the purpose of changing the opinion as stated above. In all other respects, the petition for rehearing is DENIED.